UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JIMMY ALEXANDER, on behalf of himself and other aggrieved current and former employees,<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC SERVICES, INC.; ALLIED WASTE SYSTEMS, INC., doing business as "Republic Services of Contra Costa County"; SOLANO GARBAGE COMPANY; and DOES 1 through 50, inclusive,<br><br>Defendants. | CIV. NO. 2:17-0644 WBS AC<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT OF ALLEGATIONS</u> |

----oo0oo----

Plaintiff Jimmy Alexander brought this putative class action against defendants Republic Services, Inc.; Allied Waste Systems, Inc.; and Solano Garbage Company, alleging that defendants failed to pay him and putative class members minimum wages for all hours worked, include non-discretionary bonuses in regular rates of pay for purposes of calculating overtime pay,

1

provide or pay for required rest breaks, pay wages upon termination, and provide complete and accurate wage statements in violation of the California Labor Code. (Notice of Removal, Compl. (Docket No. 2).) Before the court now is plaintiff's Motion to remand this action to the California Superior Court for the County of Solano ("Solano County Superior Court"), where this action had originally been brought, (Pl.'s Mot. to Remand (Docket No. 9)), and (2) defendants' Motion to dismiss plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement of allegations under Federal Rule of Civil Procedure 12(e), (Defs.' Mot. to Dismiss (Docket No. 5)).

I. Factual and Procedural Background

Plaintiff, a California resident, alleges that he "was formerly employed by Defendants in a non-exempt, hourly-paid position" in California. (Compl. ¶ 9.) Though his Complaint does not state what position he was employed in, his Opposition to defendants' Motion to dismiss states that he was employed as a garbage collector. (See Pl.'s Opp'n to Defs.' Mot. to Dismiss at 6 (Docket No. 10).) Defendants are allegedly related California entities involved in the business of garbage collection. (See Compl. at 1, 12.)

On February 17, 2017, plaintiff brought this putative class action against defendants in the Solano County Superior Court, alleging a single cause of action under the California Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2699. (See id. at 1, 4.) Plaintiff's PAGA cause of action alleges that defendants committed five violations of the California Labor

Code[1]: (1) failure to pay minimum wages for all hours worked, Cal. Lab. Code § 1197; (2) failure to include non-discretionary bonuses in regular rates of pay for purposes of calculating overtime pay, id. § 510(a); (3) failure to provide or pay for required rest breaks, id. §§ 226.7(c), 512(a); (4) failure to pay wages upon termination, id. § 201(a); and (5) failure to provide complete and accurate wage statements, id. §§ 226, 1174(d). (See Compl. at 4-6.)

On March 27, 2017, defendants removed plaintiff's action to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, and section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Notice of Removal (Docket No. 2).) LMRA section 301, defendants noted in their removal papers, preempts state law claims "which are substantially dependent on analysis of a collective bargaining agreement." (Id. at 1-2 (quoting Paige v. Henry J. Kaiser Co., 826 F.2d 857, 861 (9th Cir. 1987)).) Because LMRA section 301 completely preempts the field of collective bargaining agreement ("CBA") disputes, defendants note, state law claims preempted by LMRA section 301 are considered federal claims, which may be heard in federal court. (See id. at 2-3 (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)).) Defendants contend that plaintiff's claims, though brought under the California Labor Code, are preempted by LMRA section 301 because determining whether defendants violated the California Labor Code provisions cited in such claims will "substantially depend[]" on analysis of

---

[1] For ease of reference, the court will refer to each alleged violation as a "claim."

3

plaintiff's and putative class members' CBAs.  (See id. at 10.)

On April 3, 2017, defendants moved to dismiss plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement of allegations under Rule 12(e).  (Defs.' Mot. to Dismiss.)

On April 14, 2017, plaintiff moved to remand this action to the Solano County Superior Court on grounds that, contrary to defendants' contention, resolution of this action will not "substantially depend[]" on analysis of his and putative class members' CBAs.  (Pl.'s Mot. to Remand.)

Plaintiff's Motion to remand and defendants' Motion to dismiss are now before the court.

II. Discussion

"[A] federal court generally may not rule on the merits of a case without first determining that it has [subject matter] jurisdiction over the category of claim in [the case]." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007).  Because plaintiff's Motion to remand challenges the existence of subject matter jurisdiction in this case, the court must resolve that Motion before turning, if it turns at all, to defendants' Motion to dismiss.  See Robertson v. GMAC Mortg., LLC, 640 F. App'x 609, 612 (9th Cir. 2016) ("[T]he district court erred in denying [plaintiff's] motions to remand and in granting [defendant's] motion to dismiss [under Rule 12(b)(6)] before assuring itself of its own jurisdiction."); Woodard v. Wells Fargo Bank, No. 5:14-CV-01017 ODW, 2014 WL 3534086, at *1 (C.D. Cal. July 16, 2014) ("The Court addresses the Motion to Remand

first since it concerns the Court's subject-matter jurisdiction over the case. The Court then turns to the Motion to Dismiss.").

The issue of dispute on plaintiff's Motion to remand is whether plaintiff's claims "substantially depend[]" on analysis of CBAs, and thus are preempted by LMRA section 301.

LMRA section 301, by way of background, provides federal question jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). LMRA section 301 preempts both claims which are "founded directly on rights created by collective bargaining agreements" and state law claims which are "substantially dependent on analysis of a collective bargaining agreement." Paige, 826 F.2d 857, 861 (9th Cir. 1987) (citing Caterpillar, 482 U.S. at 393).

"[T]he Supreme Court has interpreted [LMRA section 301] to compel the complete preemption of state law claims brought to enforce collective bargaining agreements." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 560 (1968)). Pursuant to the doctrine of "complete preemption," a state law claim preempted by LMRA section 301 "is considered, from its inception, a federal claim, and therefore arises under federal law." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir. 2000). Such claims may be removed to and heard in federal court. Jackson v. S. California Gas Co., 881 F.2d 638, 646 (9th Cir. 1989).

"[T]o determine whether a state [statute claim] is

5

'substantially dependent' on the terms of a CBA," the Ninth Circuit has instructed courts to "decide whether the claim can be resolved by looking to versus interpreting the CBA." Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1060 (9th Cir. 2007). A state statute claim that requires "interpreting" a CBA is said to be "substantially dependent" on the CBA, and thus preempted by LMRA section 301. Id. A state statute claim that merely requires "looking to" a CBA, on the other hand, is said not to be "substantially dependent" on the CBA, and thus not preempted by LMRA section 301. Id. at 1060.

While the "looking to versus interpreting" distinction "is not always clear or amenable to a bright-line test," Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001), the Supreme Court and Ninth Circuit have developed several other guidelines with respect to LMRA section 301 that assist the court in determining whether LMRA section 301 preempts a given state law claim.

For instance, the Supreme Court has held that "when the meaning of [a CBA] is not the subject of dispute, the bare fact that [the] CBA will be consulted in the course of state-law litigation plainly does not require the [state-law] claim to be extinguished" in favor of LRMA section 301. Livadas v. Bradshaw, 512 U.S. 107, 124 (1994); see also Beck, 2016 WL 4769716, at *5 (LMRA section 301 will not preempt a claim where "the terms of the CBA will only be considered by way of reference and will not be reasonably disputed by the parties"). Adding to that, the Ninth Circuit has held that LMRA section 301 will not preempt a state law claim merely because: (1) "the defendant refers to [a]

6

CBA in mounting a defense," Cramer, 255 F.3d at 691; (2) a CBA must be consulted "in computing a penalty," Burnside, 491 F.3d at 1060; or (3) "a hypothetical connection [exists] between [the] claim and the terms of [a] CBA," Cramer, 255 F.3d at 691; see also id. at 692 ("A creative linkage between the subject matter of the claim and the wording of a CBA provision is insufficient; rather, the proffered interpretation argument must reach a reasonable level of credibility."). For LMRA section 301 to preempt a claim, the Ninth Circuit instructs, "the need to interpret [a] CBA must inhere in the nature of the [claim]." Id.

With these guidelines in mind, the court examines whether plaintiff's claims are preempted by LMRA section 301.

Plaintiff's first claim ("minimum wages claim") alleges that "[d]efendants failed to pay him and other aggrieved employees [minimum wages] for all hours worked, including time spent performing work prior to the start of the shift, and time spent working after end of the shift," in violation of California Labor Code section 1197 ("section 1197"). (Pl.'s Mot. to Remand at 4-5.[2]) Section 1197 prohibits "payment of a lower wage than the minimum [wage] . . . fixed" by state or local law. Cal. Lab. Code § 1197; see also Hernandez v. Towne Park, Ltd., No. CV 12-02972 MMM JCGX, 2012 WL 2373372, at *11 (C.D. Cal. June 22, 2012) (California Labor Code section 1197.1, section 1197's enforcement statute, provides a cause of action for failure to pay for off-

---

[2] "[T]he court may consider documents outside of [a] complaint in analyzing [a motion to] remand . . . ." Copeland-Turner v. Wells Fargo Bank, N.A., No. CV-11-37 HZ, 2011 WL 996706, at *7 (D. Or. Mar. 17, 2011) (citing Parrino v. FFlP, Inc., 146 F.3d 699, 704 (9th Cir. 1998)).

7

the-clock work).

No need to reference a CBA is apparent from the face of plaintiff's minimum wages claim. In resolving that claim, it appears the court would merely have to decide whether defendants paid plaintiff and putative class members minimum wages for all hours they worked, an inquiry that does not implicate any CBA provisions. Without being directed to a CBA provision that bears upon the outcome of plaintiff's minimum wages claim, the court will not find that LMRA section 301 preemption applies to that claim.

Defendants cite, in their Opposition to plaintiff's Motion to remand, a number of CBA provisions that they contend the court must interpret to resolve this action. (See Defs.' Opp'n to Pl.'s Mot. to Remand ("Defs.' Opp'n") at 7-14 (Docket No. 11).) The only such provision that defendants appear to contend is relevant to plaintiff's minimum wages claim is section six of the Solano Garbage CBA ("Solano section six"). (See id. at 10.) That provision states: "[During] the regular workweek, the Employer agrees to provide at least eight (8) hours of work to every Employee who is told to report, does in fact report to work and who is given an assignment to perform." (Id.) Defendants contend that Solano section six can disputably be read to require them to pay plaintiff and putative class members "for a minimum of eight hours a day" each day they report to work, even on days when they do "not work for a full eight hours." (Id.) "Whether [wages] would be due" to plaintiff and putative class members, defendants contend, "will be substantially dependent on" how the court interprets Solano section six. (Id.)

The court cannot conceive of a connection between plaintiff's minimum wages claim and Solano section six. The wage rights conferred upon plaintiff and putative class members by section 1197 and Solano section six are separate and distinct. Whether plaintiff and putative class members are entitled to at least eight hours of wages for each day they report to work has no bearing, that the court can conceive of, upon whether defendants failed to pay them minimum wages for all hours they worked. Moreover, even if Solano section six were somehow relevant to plaintiff's minimum wages claim, plaintiff has not disputed its interpretation. Thus, defendants' citation of Solano section six does not change the court's conclusion that LMRA section 301 does not preempt plaintiff's minimum wages claim.

Plaintiff's second claim ("overtime claim") alleges that defendants "fail[ed] to include certain non-discretionary bonuses in [plaintiff's and putative class members'] regular rate[s] of pay for purposes of calculating overtime" pay in violation of California Labor Code section 510 ("section 510"). (Pl.'s Mot. to Remand at 6.) Section 510 requires employers to pay employees at "no less than one and one-half times the regular rate of pay" for overtime work. Cal. Lab. Code § 510(a).[3] In

---

[3] Defendants note that California Labor Code section 514 ("section 514") exempts employees who are "covered by [certain] valid collective bargaining agreement[s]" from the overtime provisions of section 510. (Defs.' Opp'n at 15.) Determining whether plaintiff and putative class members are covered by "valid" CBAs under section 514, and thus precluded from asserting overtime claims under section 510, defendants note, will require examining their CBAs. (See id. at 14-17.) Section 514 thus triggers LMRA section 301 preemption, defendants argue.

determining what the "regular rate of pay" consists of, California courts look to the Fair Labor Standards Act ("FLSA"), which defines "regular rate of pay" to include "non-discretionary incentive pay." McKinley v. Sw. Airlines Co., No. CV 15-02939 AB JPRX, 2015 WL 2431644, at *5 (C.D. Cal. May 19, 2015).

Counsel for plaintiff represented at oral argument that the bonuses at issue in plaintiff's overtime claim are not provided for in CBAs. Counsel also represented at oral argument that plaintiff will not seek to assert, in this action, that any payments provided for in CBAs were unlawfully excluded from his or putative class members' "regular rate[s] of pay" for overtime purposes.

In light of such representations, the court finds that resolution of plaintiff's overtime claim will not require any CBA analysis. The only questions the court would have to answer in

---

The court acknowledges that district courts in this circuit have reached different conclusions with respect to whether section 514 triggers LMRA section 301 preemption. Compare, e.g., Coria v. Recology, Inc., 63 F. Supp. 3d 1093, 1098-1100 (N.D. Cal. 2014) (finding that section 514 triggers LMRA section 301 preemption), and Raphael v. Tesoro Ref. & Mktg. Co. LLC, No. 2:15-CV-02862 ODW EX, 2015 WL 3970293, at *7 (C.D. Cal. June 30, 2015) (same), with Densmore v. Mission Linen Supply, 164 F. Supp. 3d 1180, 1190-91 (E.D. Cal. 2016) (O'Neill, J.) (finding that section 514 does not trigger LMRA section 301 preemption), and Vasserman v. Henry Mayo Newhall Mem'l Hosp., 65 F. Supp. 3d 932, 954 (C.D. Cal. 2014) (same). On this issue, the court finds the position stated in Vasserman and Densmore to be more persuasive. That position holds that "because [section] 514 is an affirmative defense," it does not trigger LMRA section 301 preemption. Densmore, 164 F. Supp. 3d at 1191; see also Vasserman, 65 F. Supp. 3d at 954. The court also notes that unlike Coria and Raphael, which defendants cite in their Opposition, this action, as presently alleged, raises no disputed CBA provisions. Accordingly, the court declines to find that section 514 triggers LMRA section 301 preemption here.

10

resolving plaintiff's overtime claim are: (1) whether the bonuses at issue constitute "non-discretionary incentive pay" under the FLSA, as incorporated by California Labor Code section 510, and (2) whether defendants failed to include such bonuses in plaintiff's and putative class members' "regular rate[s] of pay" for purposes of calculating overtime pay. Neither question implicates any CBA provisions. Thus, the court finds that plaintiff's overtime claim is not preempted by LMRA section 301.

Defendants contend that resolving plaintiff's overtime claim will require calculating plaintiff's and putative class members' "regular rate[s] of pay." (See Defs.' Opp'n at 7.) Calculating plaintiff's and putative class members' "regular rate[s] of pay," defendants note, requires analyzing and applying numerous CBA wage provisions. (Id. at 7-14 (citing CBA wage provisions).) Because resolving plaintiff's overtime claim thus requires analysis and application of numerous CBA wage provisions, defendants argue, the court should find that the claim is preempted by LMRA section 301.

The court disagrees with defendants' premise that resolving plaintiff's overtime claim will require calculating plaintiff's and putative class members' "regular rate[s] of pay." The sole issue with respect to "regular rate[s] of pay" raised by plaintiff's overtime claim is whether such rates included the non-CBA bonuses plaintiff contends they should have included. Comprehensive calculation of "regular rate[s] of pay" is not required to make that determination. Either the rates, regardless of what they amount to, included non-CBA bonuses, or

they did not.[4] Thus, defendants' argument with respect to calculating "regular rate[s] of pay" does not alter the court's conclusion that LMRA section 301 does not preempt plaintiff's overtime claim.

Plaintiff's third claim ("rest breaks claim") alleges that defendants failed to allow plaintiff and putative class members to take "10-minute rest break[s] for every four (4) hours worked" or "pay proper compensation" for denial of such breaks in violation of California Labor Code sections 226.7 and 512 and the applicable Wage Order of the California Industrial Welfare Commission ("IWC Wage Order").[5] (Compl. ¶¶ 21-22.) This claim also does not appear to require any CBA analysis. In resolving this claim, it appears the court must merely decide whether defendants provided or paid proper compensation for denial of ten minute rest breaks for every four hours worked. No CBA provision

---

[4] Even if comprehensive calculation of "regular rate[s] of pay" was necessary to resolve plaintiff's overtime claim, plaintiff does not dispute the CBA wage provisions relevant to such calculation. (See Pl.'s Reply at 1-3 (Docket No. 15).) Thus, the court would be able to calculate "regular rate[s] of pay" in this action by consulting, without having to resolve disputes over, plaintiff's and putative class members' CBAs. Consulting without having to resolve disputes over CBAs does not give rise to LMRA section 301 preemption. See Livadas, 512 U.S. at 124 ("[W]hen the meaning of [a CBA] is not the subject of dispute, the bare fact that [the] CBA will be consulted in the course of state-law litigation plainly does not require the [state-law] claim to be extinguished" in favor of LRMA section 301.).

[5] Plaintiff does not cite an IWC Wage Order in his Complaint. The applicable IWC Wage Order appears to be IWC Wage Order 4-2001 section 12(A). See Cal. Code Regs. tit. 8, § 11040(12)(A) (employers must provide employees rest breaks "based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof").

12

is implicated by this claim.

Defendants note that section 16(B) of the Solano Garbage CBA ("Solano section 16(B)") provides that "[a]ny employee who works two (2) hours of overtime shall be entitled to an additional fifteen (15) minute break." (Defs.' Opp'n at 12.) They contend that resolving plaintiff's rest breaks claim will require interpreting Solano section 16(B) "to determine whether the additional break applies if the employee works over 40 hours in a week but had not worked more than 8 hours in day." (Id.)

Similar to defendants' citation of Solano section 6 with respect to plaintiff's minimum wages claim, defendants' citation of Solano 16(B) with respect to plaintiff's rest breaks claim attributes an argument to plaintiff that plaintiff does not make. In his rest breaks claim plaintiff does not contend that defendants failed to provide or pay for breaks required by Solano 16(B); it argues that defendants failed to provide or pay for breaks required by the California Labor Code and the applicable IWC Wage Order. Because Solano 16(B) is not at issue in plaintiff's rest breaks claim, the court will not have to interpret that provision in resolving plaintiff's rest breaks claim. Thus, defendants' citation of Solano section 16(B) does not change the court's conclusion that plaintiff's rest breaks claim does not require CBA analysis, and thus is not preempted by LMRA section 301.[6]

---

[6] Defendants note that if the court were to find that plaintiff and putative class members are entitled to compensation for being denied rest breaks under California law, it would need to calculate their "regular rate[s] of pay" to determine what "rest break premiums" they are owed. (Defs.' Opp'n at 7.) The need for such calculation, defendants contend, gives rise to LMRA

Plaintiff's fourth claim alleges failure to pay wages upon termination in violation of California Labor Code sections 201 to 204, and plaintiff's fifth claim alleges failure to provide complete and accurate wage statements in violation of California Labor Code sections 226 and 1174(d). Defendants concede that such claims are "derivative" of plaintiff's first through third claims for purposes of LMRA section 301 preemption. (Id. at 7 n.3.) Having found that plaintiff's first through third claims are not preempted under LMRA section 301, the court finds that plaintiff's fourth and fifth claims are also not preempted under LMRA section 301.

Having found that none of plaintiff's claims are preempted by LMRA section 301, the court finds that there is no federal question jurisdiction in this case. Accordingly, the court will grant plaintiff's Motion to remand this action to the Solano County Superior Court.

IT IS THEREFORE ORDERED that Plaintiff's Motion to remand this action to the California Superior Court for the County of Solano be, and the same hereby is, GRANTED. Because the matter must be remanded to the state court, this court does not consider defendants' motion to dismiss.

Dated: May 17, 2017

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

section 301 preemption. As discussed in footnote four, however, calculating plaintiff's and putative class members' "regular rate[s] of pay" would not require the court to resolve any disputed CBA issues. Consulting without having to resolve disputes over CBAs does not give rise to LMRA section 301 preemption. See Livadas, 512 U.S. at 124.